# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL T. DERZACK,<br>*Plaintiff* | :<br>:<br>: |
| v. | : Case No.:<br>: |
| TESLA MOTORS, INC.,<br>*Defendant* | :<br>:<br>:<br>: |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1331, §1446, §1441(a), and §1332, Defendant, Tesla, Inc., f/k/a Tesla Motors, Inc. (incorrectly captioned as "Tesla Motors, Inc.")(hereinafter referred to as "Tesla"), removes to this Court the above action, pending as civil action number GD-17-007362 in the Court of Common Pleas of Allegheny County, Pennsylvania. As grounds for removal, Tesla states:

### BACKGROUND

1. This civil action was commenced by Plaintiff on May 12, 2017, and is pending in the Court of Common Pleas, Allegheny County, a court located within this District, under Docket No. GD-17-007362.

2. Tesla received first notice of the Complaint less than thirty (30) days prior hereto. The cover letter attached to the Complaint served in this matter was dated June 1, 2017.

3. This Court has jurisdiction of this action under 28 U.S.C. §1331, *et seq.* and §1332, *et seq.* As such, removal is proper as this Court has original Federal Question jurisdiction and diversity jurisdiction.

4. Tesla is filing this Notice of Removal within thirty days of service of this action. *See* 28 U.S.C. §1446(b)(1).

5. Venue is proper in this Court because the Court of Common Pleas of Allegheny County, where this case was originally filed, is in this District. *See* 28 U.S.C. § 1446(a).

6. Pursuant to 28 U.S.C. § 1446(d), Tesla is serving a copy of this Notice of Removal on all counsel of record. Notice of the filing of this Notice of Removal will be filed with the Clerk of the Court of Common Pleas of Allegheny County.

7. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Tesla prior to the filing of this Notice of Removal is attached as Ex. A.

### *Federal Question Jurisdiction under 28 U.S.C. § 1331*

8. The Complaint alleges three causes of action: 1) Pennsylvania Lemon Law, 2) violation of the Magnuson-Moss Warranty Act, and 3) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Act. *See* Ex. A.

9. Plaintiff's Complaint includes a claim for relief under the Magnuson-Moss Warranty Act (the "Act"), 15 U.S.C. § 2301 *et seq.*, which is a federal statute over which this Court could have original jurisdiction since Plaintiff's Complaint seeks damages in excess of $50,000. *See infra,* section discussing diversity jurisdiction, amount in controversy.

10. Plaintiff's Complaint seeks damages "in an amount equal to the price of the subject vehicle[1], plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs." *See* Ex. A.

11. Accordingly, this Court has federal question jurisdiction over this matter, and removal of this matter is proper.

---

[1] Plaintiff's Complaint claims the purchase price of the subject vehicle totaled more than $125,700.00. *See* Ex. A, ¶ 5.

***Diversity Jurisdiction***

12. Alternatively, removal is proper in the instant case because, in addition to the federal question jurisdiction, there is diversity of citizenship as to all properly joined parties and the amount in controversy exceeds the sum of $75,000.

13. The diversity of citizenship requirement under 28 U.S.C. § 1332(a) is met.

14. Plaintiff, Michael T. Derzack, is a citizen of Pennsylvania. *See* Ex. A, ¶1.

15. For removal purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1).

16. Tesla is incorporated under the laws of the State of Delaware and maintains its headquarters and principal place of business in the State of California.

17. Tesla is a citizen of Delaware and California within the meaning of 28 U.S.C. § 1332.

18. Therefore, diversity of jurisdiction exists pursuant to 28 U.S.C. § 1332.

19. Removal is proper under 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332.

20. Plaintiff seeks a variety of damages including actual damages, statutory damages, treble damages and attorneys' fees. *See* Ex. A.[2]

21. Plaintiff's Complaint claims the purchase price of the subject vehicle totaled more than $125,700.00. *See* Ex. A, ¶ 5.

---

[2] In making its good faith calculations of the amounts being sought by the plaintiff's Complaint, Tesla does not concede or admit, in any fashion, that any claims for such amounts, or any amounts, have legal or factual merit, and reserves all rights and defenses to such claims.

22. Plaintiff's Complaint also claims that the Pennsylvania Unfair Trade Practice and Consumer Protection Law "authorizes the Court, in its discretion to award up to three (3) times the actual damages sustained." *See* Ex. A, ¶58.

23. The Pennsylvania Unfair Trade Practice and Consumer Protection Law allows for recovery of ascertainable loss, as well as treble damages and attorneys' fees. 73 P.S. §201-1 *et seq.*

24. Attorneys' fees and punitive damages are included in calculating the amount in controversy if they are available to plaintiffs under a statutory cause of action. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *see also Golden v. Golden*, 382 F.3d 348, 356 (3d Cir. 2004); *Frederico v. Home Depot, Inc.*, 507 F.3d 188, 199 (3d Cir. 2007). Treble damages are considered punitive damages. *Johnson v. Hyundai Motor America*, 698 A.2d 631 (Pa. Super 1997); *see also Schwartz v. Rockey*, 932 A.2d 885 (Pa. 2007). Moreover, as the Supreme Court recently clarified, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

25. As Plaintiff's Complaint seeks recovery of up to three times the amount of damages sustained as well as costs and reasonable attorney's fees, the amount in controversy herein exceeds $75,000.00. *See* Ex. A.

26. Thus, the amount in controversy is met and the matter is removable pursuant to 28 U.S.C. § 1332.

27. Finally, this Court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as to any state claims due to the presence of independent Federal subject matter jurisdiction.

**WHEREFORE**, Defendant, Tesla, Inc., f/k/a Tesla Motors, Inc. (incorrectly captioned as "Tesla Motors, Inc."), effects the removal of this action from the Court of Common Pleas of Allegheny County to the United States District Court for the Western District of Pennsylvania.

LAVIN, O'NEIL, CEDRONE & DiSIPIO

BY: _____
Leland I. Kellner, Esquire/Pa. Bar No. 66593
190 N. Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA  19106
Tel No.:   (215) 351-7932
Fax No.:   (215) 351-3055
Email:     lkellner@lavin-law.com
*Attorneys for Defendant, Tesla, Inc. f/k/a Tesla Motors, Inc.*

Dated:  June 29, 2017

## CERTIFICATE OF SERVICE

I, Leland I. Kellner, Esquire, hereby certify that a copy of the **NOTICE OF REMOVAL** was served upon the following counsel of record as follows:

Chad P. Doman, Esquire
Kimmel & Silverman, P.C.
100 Ross Street
Suite 330
Pittsburgh, PA  15219
***Attorney for Plaintiff***
***Via First Class Mail***

_____
Leland I. Kellner, Esquire
*Attorneys for Defendant, Tesla, Inc.,*
*f/k/a Tesla Motors, Inc.*

Dated:  June 29, 2017

1935474v1